IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **OPENTV, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**PINTEREST, INC.,**<br><br>    Defendant. | Court No. 1:24-cv-01301-JCG |

## OPINION AND ORDER

Plaintiff OpenTV, Inc. ("Plaintiff" or "OpenTV") filed this case against Defendant Pinterest, Inc. ("Defendant" or "Pinterest") alleging infringement of U.S. Patent Numbers 10,419,817 ("'817 Patent"), 9,699,503 ("'503 Patent"), 7,669,212 ("'212 Patent"), and 7,055,169 ("'169 Patent") (collectively, "Patents"). Pl.'s First Am. Compl. Patent Infringement ("Am. Compl.") (D.I. 16); see U.S. Patent Number 10,419,817 ("'817 Patent") (D.I. 16-1); Patent Number 9,699,503 ("'503 Patent") (D.I. 16-2); Patent Number 7,669,212 ("'212 Patent") (D.I. 16-3); Patent Number 7,055,169 ("'169 Patent") (D.I. 16-4). Defendant filed Pinterest's Motion to Dismiss. Def.'s MTD ("Defendant's First Motion to Dismiss" or "Def.'s First MTD") (D.I. 11); Def.'s Opening Br. Supp. MTD ("Def.'s First MTD Br.") (D.I. 12). The Parties stipulated to Defendant's withdrawal of Pinterest's First Motion to Dismiss. Stipulation & Proposed Order Withdraw MTD & Extend

Time ("Stipulation") (D.I. 18).  Defendant filed Pinterest's Partial Motion to Dismiss.  Def.'s Partial MTD ("Defendant's Second Motion to Dismiss" or "Def.'s Second MTD") (D.I. 19); Def.'s Opening Br. Supp MTD ("Def.'s Br.") (D.I. 20).  Plaintiff filed OpenTV's Answering Brief in Opposition to Pinterest's Partial Motion to Dismiss.  Pl.'s Answering Br. Opp'n Def.'s MTD ("Pl.'s Resp.") (D.I. 24).  Defendant filed Pinterest's Reply in Support of its Motion to Dismiss.  Def.'s Reply Supp. MTD ("Def.'s Reply") (D.I. 25).

For the reasons discussed below, Pinterest's Second Motion to Dismiss is denied without prejudice.

## BACKGROUND

OpenTV is a Delaware corporation that develops television and internet content delivery technologies and complementary technologies, such as "personal video recording [], video-on-demand [], television home networking, advanced advertising methodologies, and tools for recommending content to viewers."  Am. Compl. ¶¶ 23–25.  The technologies offered by OpenTV include "software that enables intuitive and personalized viewing experiences for consumers."  Id. ¶ 25.  OpenTV is the owner of all right, title, and interest in the Patents.  Id. ¶ 96.

Pinterest, Inc. is a Delaware corporation that acts as a "visual discovery engine for finding ideas."  Id. ¶¶ 33–34.  Pinterest is a platform that individuals can access via website or phone application that allows users to save and organize their

ideas using images called "Pins." Id. ¶¶ 34–35. Individuals create boards for topics of interest. Id. ¶ 35. Pinterest developed a native video platform in or around 2016. Id. ¶ 36. In September 2020, Pinterest launched "story pins," that allowed for the use of videos. Id. ¶ 37. In or around the following year, Pinterest expanded the tools available to users and introduced video-first features. Id. ¶ 38.

OpenTV filed a complaint in November 2024, alleging infringement of the Patents and seeking monetary damages and injunctive relief. Compl. (D.I. 1). Pinterest filed a motion to dismiss OpenTV's Complaint, arguing that OpenTV failed to plausibly plead infringement of the Patents. Def.'s First MTD; Def.'s First MTD Br. OpenTV filed an Amended Complaint on February 18, 2025. Am. Compl. Pinterest withdrew its First Motion to Dismiss and filed its Second Motion to Dismiss on March 18, 2025, arguing that the '817 Patent, '503 Patent, and '212 Patent are ineligible for patent protection under 35 U.S.C. § 101. Stipulation; Def.'s Second MTD; Def.'s Br. OpenTV filed a response opposing Defendant's Second Motion to Dismiss on April 15, 2025. Pl.'s Resp. Pinterest filed a Reply in Support of its Second Motion to Dismiss on May 6, 2025. Def.'s Reply. The Court held oral argument on Pinterest's Second Motion to Dismiss on July 7, 2025.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that pleadings contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.

R. Civ. P. 8(a)(2). If pleadings fail to state a claim, in whole or in part, on which a court may grant relief, a defendant may seek to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." Id. In considering a motion to dismiss, the Court must assume the factual allegations contained in the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Twombly, 550 U.S. at 555–56. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 556 U.S. at 678.

Once a motion to dismiss is filed, the filing party is generally precluded from filing another motion to dismiss raising different defenses that were available to the filing party at the time the earlier motion was filed. Fed. R. Civ. P. 12(g)(2), (h)(1)(A).

## DISCUSSION

Pinterest moves to dismiss Counts I, II, and III of OpenTV's Complaint, alleging infringement of the '503 Patent, '817 Patent, and '212, respectively, and arguing that the three patents are ineligible for patent protection under 35 U.S.C. § 101.  Def.'s Second MTD; Def.'s Br.  OpenTV argues that granting Pinterest's Second Motion to Dismiss would be legal error because Pinterest waived its ability to challenge patent eligibility by not raising the defense in its earlier motion to dismiss.  Pl.'s Resp. at 6–8.  Pinterest counters that denying the motion for waiver would be impractical and inefficient.  Def.'s Reply at 1–2.

Federal Rule of Civil Procedure 12(g)(2) provides: "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  Pinterest's First Motion to Dismiss was expressly brought under Rule 12 and argued only that OpenTV failed to plausibly plead any theory of infringement of the Patents.  Def.'s First MTD Br.  The motion did not raise the issue of patent eligibility under § 101.  See id.  Because Defendant's First Motion to Dismiss failed to raise patent eligibility, the defense can only be raised in the Second Motion to Dismiss if the motion qualifies for an exception under Rule 12(h)(2) or (3).  Fed. R. Civ. P. 12(g)(2).

Under Rule 12(h)(2), a successive motion to dismiss for "failure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleadings allowed or ordered under Rule 7(a); (B) by a motion [for judgment on the pleadings] under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). Pinterest's Second Motion to Dismiss does not qualify as a pleading under Federal Rule of Civil Procedure 7 and the Court is not inclined to convert the motion into a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The remaining exception under Rule 12(h)(3) permits the Court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court's subject matter jurisdiction is not in question in this case.

The Court concludes that the available exceptions are not applicable in this case. That OpenTV subsequently filed an Amended Complaint also does not open the door for Pinterest to revisit arguments that it neglected to advance earlier. See Sunoco Partners Mktg & Terminals L.P. v. Powder Springs Logistics, LLC, 2019 WL 8641303, at *3–4 (D. Del. Aug. 7, 2019). Because Pinterest's Second Motion to Dismiss does not cite any new allegations from the Amended Complaint, Pinterest was in a position to challenge patent eligibility when it filed the First Motion to Dismiss and failed to do so.

Pinterest argues that denying the Second Motion to Dismiss would be impractical and inefficient because the First Motion to Dismiss was withdrawn

before it was fully briefed, and Pinterest would be able to refile its motion as a motion for judgment on the pleadings. Def.'s Reply at 1–2. Pinterest cites the U.S. Court of Appeals for the Third Circuit's ("Third Circuit Court of Appeals") opinion in Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316 (3d Cir. 2015) in support of this argument. Id. In Leyse, the Third Circuit Court of Appeals held that the district court committed error in permitting a successive motion to dismiss, but declined to vacate the lower court's ruling because allowing the successive filing did not substantially affect the parties' rights when the motion would likely be refiled as a motion for judgment on the pleadings on remand, resulting in additional litigation or appeals. Leyse, 804 F.3d at 321–22. The Court notes that the Leyse court's decision not to vacate was made in the context of an appeal and that in reaching its decision, the Leyse court stated:

> *We emphasize that district courts should enforce Rule 12(g)(2) even if their failure to do so is not a ground for reversal.* Although some courts and commentators believe that allowing successive pre-answer motions to dismiss avoids delay, this seems to us like short-term thinking. In any given case, requiring a defendant to file an answer and then a Rule 12(c) motion will take more time than allowing it to file a successive pre-answer Rule 12(b)(6) motion. But over the long term, stringent application of Rule 12(g)(2) may motivate defendants to consolidate their arguments in a single pre-answer motion, especially if they know that the district court will not stay discovery while a post-answer Rule 12(c) motion is pending. Granted, the logic of deterrence could also support enforcing Rule 12(g)(2) on appeal. The length of the appellate process, however, increases the costs of enforcement and suggests that the balance should be struck differently.

Id. at 322 n.5. (emphasis added). The Third Circuit Court of Appeals is clear that trial courts should favor application of Rule 12(g)(2), even when the interest of judicial efficiency might hint at the opposite approach. Considering the guidance of the Third Circuit Court of Appeals and the plain language of Rule 12(g)(2), the Court is not inclined to permit successive motions to dismiss.

Pursuant to Rule 12(g)(2), the Court concludes that Pinterest waived its patent eligibility arguments. Pinterest's Second Motion to Dismiss is denied without prejudice and Pinterest may refile its patent eligibility arguments in a different pleading allowed by Rule 12(h)(2).

## CONCLUSION

ACCORDINGLY, IT IS HEREBY

**ORDERED** that Defendant's Partial Motion to Dismiss (D.I. 19) is denied without prejudice; and it is further

**ORDERED** that Defendant shall file an answer or a procedurally proper motion in response to Plaintiff's First Amended Complaint (D.I. 16) on or before August 6, 2025; and it is further

**ORDERED** that Plaintiff shall file a brief in response on or before August 20, 2025; and it is further

**ORDERED** that Defendant shall file a brief in reply on or before August 27, 2025.

IT IS SO ORDERED this 16th day of July, 2025.

     /s/ Jennifer Choe-Groves
     Jennifer Choe-Groves
     U.S. District Court Judge[*]

---

[*]Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.