████████████████████

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OPENTV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 24-1301 (JCG) |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| PINTEREST, INC., | ) | |
| | ) | ████████████████ |
| Defendant. | ) | ████████████ |
| | ) | |

## DEFENDANT PINTEREST, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

*Of Counsel*:

Victoria F. Maroulis
Rachel Herrick Kassabian
Joshua Parzivand
Paula Gonzalez
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

James M. Glass
Ron Hagiz
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Dated: July 1, 2026

Jared W. Newton (#7519)
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
500 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 302-4000
jarednewton@quinnemanuel.com

*Attorneys for Defendant Pinterest, Inc.*

████████████████████████████████████

# TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF PROCEEDINGS.................................................1

II.   SUMMARY OF ARGUMENT.........................................................................2

III.  STATEMENT OF FACTS..............................................................................3

IV.  LEGAL STANDARD ....................................................................................4

V.    ARGUMENT..................................................................................................6

     A.    Good Cause Exists For the Proposed Amendment Under Rule 16(b) ...................................................................................................6

         1.    Pinterest Did Not Receive All Information It Needed To Assert Affirmative Defenses Until After the Deadline for Amending Pleadings ......................................................6

     B.    Leave Under Rule 15(a) Is Appropriate..................................................9

         1.    Pinterest Has Sufficiently Pled Its Affirmative Defense of Patent Exhaustion/Licensing........................................................9

         2.    OpenTV Will Not Be Prejudiced by the Amendment..............11

         3.    Pinterest Was Diligent And Requests Leave to Amend in Good Faith.................................................................................14

VI.  CONCLUSION..............................................................................................15

i

██████████████████████████████████████████

# TABLE OF AUTHORITIES

**Page**

## Cases

*Aerocrine AB v. Apieron Inc.*,
  2010 WL 1225090 (D. Del. Mar. 30, 2010) ........................................................11

*Agere Sys. Guardian Corp. v. Proxim, Inc.*,
  190 F. Supp. 2d 726 (D. Del. 2002)................................................................9, 10

*Bechtel v. Robinson*,
  886 F.2d 644 (3d Cir. 1989) ...............................................................................11

*BigBand Networks, Inc. v. Imagine Commc'ns, Inc.*,
  2010 WL 2898286 (D. Del. July 20, 2010) .........................................................14

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
  252 F.3d 267 (3d Cir. 2001) ...............................................................................11

*Dasso Int'l, Inc. v. MOSO N. Am., Inc.*,
  2020 WL 6287673 (D. Del. Oct. 27, 2020).........................................................9

*Dole v. Arco Chem. Co.*,
  921 F.2d 484 (3d Cir. 1990) ...............................................................................5

*Enzo Life Sciences, Inc. v. Digene Corp.*,
  270 F. Supp. 2d 484 (D. Del. 2003).........................................................5, 8, 14

*Evonik Degussa GMBH v. Materia*,
  2011 WL 13152274 (D. Del. Dec. 13, 2011) ......................................................8

*Finjan, Inc. v. Qualys Inc.*,
  No. 4:18-CV-07229-YGR, 2020 WL 1865264 (N.D. Cal. Apr. 13,
  2020) ...................................................................................................................10

*Great W. Mining & Min. Co. v. Fox Rothschild, LLP*,
  615 F.3d 159 (3d Cir. 2010) ...............................................................................9

*Hill v. City of Scranton*,
  411 F.3d 118 (3d Cir. 2005) ...............................................................................5

ii

████████████████████████████████████

*ICU Med., Inc. v. RyMed Techs., Inc.*,
    674 F. Supp. 2d 574 (D. Del. 2009)........................................................................14

*Impression Prods., Inc. v. Lexmark Int'l, Inc.*,
    137 S. Ct. 1523 (2017)............................................................................................10

*Koken v. GPC Int'l, Inc.*,
    443 F. Supp. 2d 631 (D. Del. 2006)..........................................................................9

*Leader Techs. v. Facebook, Inc.*,
    2010 WL 2545959 (D. Del. Jun. 24, 2010) (Stark, J.) ...........................................5

*Persawvere, Inc. v. Milwaukee Elec. Tool Corp.*,
    2023 WL 3750812 (D. Del. June 1, 2023) ...............................................................9

*Quanta Comp., Inc. v. LG Elecs., Inc.*,
    553 U.S. 617 (2008)................................................................................................10

*Roquette Freres v. SPI Pharma, Inc.*,
    2009 WL 1444835 (D. Del. May 21, 2009) .........................................................5, 14

*Rx ReLeaf LLC v. Relief TMS LLC*,
    No. CV 23-3551 (MAS)(JBD), 2024 WL 4894768 (D.N.J. Nov.
    26, 2024) ...................................................................................................................9

*Spartan Concrete Prods., LLC v. Argos USVI, Corp.*,
    929 F.3d 107 (3d Cir. 2019) ....................................................................................4

*Tessera, Inc. v. Int'l Trade Comm'n*,
    646 F.3d 1357 (Fed. Cir. 2011) ..............................................................................10

*WebXchange Inc. v. Dell Inc.*,
    No. CA 08-132-JJF, 2010 WL 256547 (D. Del. Jan. 20, 2010)...............................8

## Other Authorities

Fed. R. Civ. P. 12(b)(6)......................................................................................................9

Fed. R. Civ. P. 15............................................................................................................13

Fed. R. Civ. P. 15(a).............................................................................................2, 4, 9, 14

Fed. R. Civ. P. 15(a)(2)..................................................................................................4, 5

██████████████████████████████████████████████

Fed. R. Civ. P. 16(b)(4).........................................................................................5

Fed. R. Civ. P. 16(b) ................................................................2, 4, 5, 6, 13, 14

Local Rule 15.1 .................................................................................................4

## I.   <u>NATURE AND STAGE OF PROCEEDINGS</u>

Although this case has been pending since November 2024, discovery only began in earnest a few months ago: well after the effective date for a motion to amend the pleadings had come and gone.  Following the usual pace of early discovery exchanges, Plaintiff OpenTV produced a license that confirmed that Pinterest has a meritorious patent exhaustion and licensing defense for the alleged infringement of one of the patents at issue in this case.  After OpenTV produced that license, Pinterest moved diligently to amend its answer to add an affirmative defense of patent exhaustion and licensing. The disclosure of the lynchpin evidence long after the original cutoff date for amending the pleadings provides good cause for amendment. And the stage of the case and OpenTV's preexisting knowledge of the license, and that Pinterest may assert such a defense, means that there is no prejudice to OpenTV.  And, critically, since similar functionality is accused here and in a companion case in this Court, where OpenTV did not oppose Pinterest's motion to amend and the motion was granted, judicial economy and equity counsel allowing amendment: ruling otherwise could lead to a successful defense on one patent, and a ruling of infringement on the other, a nonsensical and inconsistent result under these facts. For these reasons, Pinterest respectfully requests leave of Court to amend its Answer to plead a new affirmative defense that at least one of the patents-in-suit are unenforceable due to patent exhaustion and/or licensing.

1

██████████████████████████████████████████████████████

## II.   SUMMARY OF ARGUMENT

1.      Pinterest has demonstrated good cause to allow for amendment of its answer and modification of the scheduling order because, under Federal Rule of Procedure 16(b), it has been reasonably diligent in seeking leave to amend following the production of discovery that confirmed the viability of the defense it seeks to add, and it could not have reasonably added its patent exhaustion and licensing defense before the original deadline for amending pleadings.

2.      Pinterest likewise satisfies the liberal requirements of Federal Rule of Procedure 15(a) because (1) Pinterest has not unduly delayed following the production of key evidence; (2) its proposed affirmative defense meets the applicable permissive pleading standard; and (3) OpenTV will not suffer any undue prejudice or surprise because months remain in discovery and OpenTV is in possession of the key facts.

3.      Because OpenTV did not oppose Pinterest's efforts to amend its answer to add the same affirmative defense in a companion case in this Court, despite the fact that OpenTV accuses similar functionality across both cases, the Court should grant leave to amend in order to avoid inconsistent results. Considerations of judicial economy counsel against potentially granting a license defense in one action, while allowing for a potential ruling of infringement in another.

2

███████████████████████████████████████████████

### III.    STATEMENT OF FACTS

OpenTV filed this lawsuit on November 27, 2024 against Pinterest.  (D.I. 1.) On February 3, 2025, Pinterest moved to dismiss OpenTV's claims of patent infringement for failure to state a claim. D.I. 11-12. On February 18, 2025, OpenTV filed a First Amended Complaint. D.I. 16.  Pinterest withdrew its first motion to dismiss, D.I. 19, and then moved to dismiss the FAC. D.I. 18. After its motion was denied on July 16, 2025, D.I. 35, Pinterest answered the FAC on August 6, 2025, D.I. 37, and asserted affirmative defenses, while expressly "reserv[ing] the right to amend its Answer to add additional Defenses…consistent with the facts discovered in this case." *Id*. at 103.

The Court entered a scheduling order on September 26, 2025, D.I. 52, which set the deadline to amend or supplement pleadings as December 18, 2025. [1] Pinterest's initial Requests for production, served October 7, 2025, requested that OpenTV produce licenses relevant to the patents-in-suit.  Ex. 2 at pgs. 13-14 (Request Nos. 23-26). ██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[1]    Pinterest's current counsel appeared in the case on December 19, 2025. D.I. 66.

████████████████████████████████████████

████████████████████████████████████████

██████

On June 8, 2026, Pinterest informed OpenTV in writing of its intent to move to amend its answers to add the affirmative defense of patent exhaustion and licensing in both this action and the later-filed companion case in this Court. Ex. 1. Upon OpenTV's request, Pinterest provided redline copies of the proposed amended answers on June 10, 2026.[3] The parties met and conferred on the issue, and on June 22, 2026, OpenTV confirmed that it would oppose amendment in this action, but not in the companion case.

## IV.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) and 16(b) govern Pinterest's motion for leave to amend its Answer. Rule 15(a) states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. Proc. 15(a)(2). The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities. See *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019)

---

[2] ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

[3] Pursuant to Local Rule 15.1, Pinterest has attached both clean and redlined copies of its Proposed Amended Answer to this Motion.

(quoting Fed. R. Civ. P. 15 (a)(2)); *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Courts have repeatedly held that leave to amend ordinarily should be granted unless it is "apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005).

Rule 16(b) requires a showing of "good cause" by the movant to modify a scheduling order. Fed. R. Civ. Proc. 16(b)(4). This good cause element focuses on the diligence of the moving party rather than on prejudice to the opposing party. *See, e.g.*, *Roquette Freres v. SPI Pharma, Inc.*, 2009 WL 1444835, at *4 (D. Del. May 21, 2009). Establishing good cause requires the movant to show that, even with diligence, the moving party could not have met the deadlines set by the court. *See, e.g., id.*; *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 488-89 (D. Del. 2003) (granting motion for leave to amend five weeks after depositions provided new evidence of inequitable conduct, even though defendant had knowledge of the same facts prior to the amending deadline); *Leader Techs. v. Facebook, Inc.*, 2010 WL 2545959, at *6 (D. Del. Jun. 24, 2010) (Stark, J.) (granting leave to amend answer to include an inequitable conduct defense and counter claim after the close of fact discovery).

5

████████████████████████████████████████████████

## V.  ARGUMENT

### A.  Good Cause Exists For the Proposed Amendment Under Rule 16(b)

#### 1.  Pinterest Did Not Receive All Information It Needed To Assert Affirmative Defenses Until After the Deadline for Amending Pleadings

Pinterest should be allowed to amend its Answer to include a patent license and exhaustion defense in this case.  Pinterest has shown good cause to modify the Scheduling Order under Rule 16(b) because, despite its diligence, the full scope of facts supporting the defense did not come to light until well after the **December 18, 2025** deadline for amended pleadings.

Pinterest's first set of discovery requests in this case, served October 7, 2025, sought OpenTV's licensing agreements with third parties related to the accused functionalities.  Ex. 2 (specifically, Requests for Production Nos. 23-26 at pgs. 13-14).  OpenTV responded to those requests on November 6, 2025.  Because the theories of infringement and invalidity remained inchoate until after the parties served their contentions under the Local Patent Rules, on November 14, 2025 and February 9, 2026, respectively, the scope of discovery was only defined for document production purposes in mid-February, 2026.  In its contentions, OpenTV cited to functionality ████████████████ as the alleged basis for its infringement allegations for the '169 Patent.  Ex. 5 at pgs. 3-4.  The parties corresponded about,

6

███████████████████████████████████████████████████████

and then met and conferred about, those responses in March 2026, and only then did OpenTV begin a rolling production of licenses, with the first set on March 13, 2026—nearly three months after the deadline for amendment to pleadings had passed. ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████ Once that document had been ingested and prepared for review, Pinterest was diligent in its review and analysis of its implications.

Only at that point did Pinterest understand the full picture of the rights that OpenTV has licensed away, and only at that point did Pinterest have the facts necessary to assert a comprehensive license and exhaustion defense. █████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████ It began the necessary process of confirming whether OpenTV would oppose its motion to amend, provided proposed redlines, and met-and-conferred. Ex. 1. Only on June 22, 2026 did OpenTV confirm its opposition and reasoning in writing, and after that Pinterest promptly prepared its briefing and moved the Court. *Id*.

Considering that discovery in this case did not effectively begin until after the deadline for amendment had passed, Pinterest has been reasonably diligent and the merits of this case call for an amended answer that takes into account the defenses

7

████████████████████████████████████████████████████████

that discovery revealed Pinterest has a basis to assert. Pinterest's motion is more timely than other cases where, for example, the facts underlying an affirmative defense were known to the movant, but not confirmed until depositions. *See, e.g.*, *WebXchange Inc. v. Dell Inc.*, No. CA 08-132-JJF, 2010 WL 256547, at *1 (D. Del. Jan. 20, 2010) (granting leave to amend answer even though plaintiff contended that "the information on which the proposed amendments are based was actually in Defendant's possession" over a year before the motion to amend); *Enzo*, 270 F. Supp. 2d at 488-89 (granting leave to amend after information that defendant was aware of prior to deadline to amend pleading was confirmed at deposition).

Pinterest could have waited to assert its exhaustion and licensing defense until after it had the opportunity to depose an OpenTV corporate witness and obtain testimony on the exact contours of the relevant license agreements. *Evonik Degussa GMBH v. Materia*, 2011 WL 13152274, at *4 (D. Del. Dec. 13, 2011) ("Plaintiff should not be penalized because it prudently waited to obtain key deposition testimony before filing its proposed amendment."). But instead has moved diligently to incorporate this defense in the case when months remain in fact discovery. Courts in the Third Circuit have granted leave to amend where, as here, the "defendant could not have reasonably sought to amend its answer until…it confirmed" key facts through discovery, and then "[u]pon learning that information, defendant proposed its amendments to plaintiff (to which plaintiff did not consent), and then promptly

8

████████████████████████████████████████████████

filed [its] motion…that is sufficiently diligent." *Rx ReLeaf LLC v. Relief TMS LLC*, No. CV 23-3551 (MAS)(JBD), 2024 WL 4894768, at *4 (D.N.J. Nov. 26, 2024).

Pinterest received evidence "that unquestionably yielded relevant information," promptly sought "consent to amend," and then filed its motion "immediately upon receiving Plaintiffs' refusal to consent," so good cause exists to grant amendment to an answer to add its affirmative defenses. *See Dasso Int'l, Inc. v. MOSO N. Am., Inc.*, 2020 WL 6287673, at *2 (D. Del. Oct. 27, 2020).

### B.    Leave Under Rule 15(a) Is Appropriate

#### 1.    Pinterest Has Sufficiently Pled Its Affirmative Defense of Patent Exhaustion/Licensing

Pinterest has sufficiently pled its affirmative defense of patent exhaustion and licensing. An amendment is futile only where it is frivolous or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). "The standard for assessing futility is the 'same standard for legal sufficiency as applies under [Federal] Rule [of Civil Procedure] Rule 12(b)(6).'" *Persawvere, Inc. v. Milwaukee Elec. Tool Corp.*, 2023 WL 3750812, at *1 (D. Del. June 1, 2023) (quoting *Great W. Mining & Min. Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010)). Under Rule 12(b)(6), courts do not weigh the facts nor determine whether a party will ultimately prevail. *See, e.g.*, *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736 (D. Del. 2002).

9

███████████████████████████████████████████████████

"Only where it is clear to the court . . . that a claim has *no* possibility of succeeding on the merits, will the court disallow it by denying leave to amend." *Id.*

Pinterest's proposed amended Answer easily meets the liberal pleading standards for affirmative defenses. The patentee's right to exclude is limited by the doctrine of exhaustion, which provides "that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Comp., Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008). And "[p]atent exhaustion extends to sales made by authorized licensees; '[s]o long as a licensee complies with the license when selling an item,' the 'licensee's sale is treated ... as if the patentee made the sale itself' and the patent rights are exhausted." *Finjan, Inc. v. Qualys Inc.*, No. 4:18-CV-07229-YGR, 2020 WL 1865264, at *2 (N.D. Cal. Apr. 13, 2020) (granting motion to amend to add patent licensing and exhaustion defense and quoting *Impression Prods., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523, 1535 (2017); *see Tessera, Inc. v. Int'l Trade Comm'n*, 646 F.3d 1357, 1370 (Fed. Cir. 2011) (focusing on "whether the sales were authorized"). As stated in its proposed Amended Answer and as summarized above,

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

10

███████████████████████████████████████████████████

█████████████████████████████████    Thus, Pinterest's amendment would not be futile, and Pinterest's proposed Amended Answer puts OpenTV on clear notice of the issues involved.

## 2.    OpenTV Will Not Be Prejudiced by the Amendment.

Permitting Pinterest to amend its Answer will not prejudice OpenTV in any way. In the Third Circuit, the non-moving party has the burden of proving that actual prejudice will result from the amendment. *Aerocrine AB v. Apieron Inc.*, 2010 WL 1225090, at *7 (D. Del. Mar. 30, 2010). Delay alone is an insufficient reason to deny leave to amend. *See, e.g.*, *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, to prove undue prejudice, the non-movant "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

OpenTV will not be unfairly disadvantaged by granting Pinterest's motion, first because of the early stages of the case. Discovery does not close until September 26, 2026, and neither party has noticed a single deposition, let alone taken one. And through agreement of the parties, document discovery will be completed by both parties on July 10, 2026. OpenTV therefore has ample time to request further documents or interrogatory responses from Pinterest related to its patent exhaustion

11

███████████████████████████████████████████████

and licensing theories, and the amendment will not negatively affect the case schedule.

Further, OpenTV will not be unfairly disadvantaged because the key evidence supporting Pinterest's exhaustion and licensing defense is within OpenTV's possession and control. ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ Most of the relevant facts will come from OpenTV's own witnesses, and OpenTV will have the opportunity to seek any additional documents and depose Pinterest's witnesses regarding the details of the facts that support Pinterest's defense.

The lack of prejudice to OpenTV is reinforced by the fact that OpenTV did not oppose amendment in the companion case, *Delaware II*[4], despite the same set of operative facts. In fact, the parties have a cross-use agreement for discovery between the cases, allowing materials produced in this case to be used in *Delaware II*, which confirms that there is no prejudice or futility: the same parties and same agreements

---

[4] OpenTV brought patent-infringement allegations against Pinterest in a subsequently-filed case in this Court, No. 25-cv-1404, hereinafter referred to as "*Delaware II*."

12

██████████████████████████████████████████████████████████

are at issue.  Permitting Pinterest to amend its answer to add these defenses will thus mirror *Delaware II*, especially since the Court entered Pinterest's Amended Answer there, which will allow for efficient use of resources as the cases are considered in parallel. Indeed, OpenTV's decision not to oppose, and the subsequent entry of Pinterest's Proposed Answer, poses a precarious situation: if the motion to amend is granted in *Delaware II* but not here, there could be a licensing defense granted for one patent, but not the other, despite the fact that they map to overlapping accused functionality. *Compare* Ex. 5 (OpenTV's infringement contentions in this case) at pgs. 3-4 to Ex. 6 (OpenTV's infringement contentions in *Delaware II*) pgs. 6-13 (both accusing Pinterest's application of the ████████ Exoplayer functionality of infringement). Such inconsistent results would cause unnecessary tension and cloud the rights available to each party. On the bases of judicial economy and the meritorious litigation of OpenTV's allegations of infringement, Pinterest should be allowed to litigate this defense in both cases on parallel tracks.  Thus, OpenTV's opposition to Pinterest's motion here is a tactical choice, hinging on the Rule 16(b) standard, not one reinforced by any true disadvantage or surprise.

In short, OpenTV will suffer no surprise, let alone undue prejudice, from Pinterest's assertion of its patent exhaustion and licensing defense.

████████████████████████████████████████████████████

### 3. Pinterest Was Diligent And Requests Leave to Amend in Good Faith

Pinterest conducted diligent discovery, sought information related to OpenTV's licensing activity, and then once OpenTV produced all the relevant licenses, soon brought the instant motion. Numerous courts have provided leave to amend when defendants learn of relevant facts after the scheduled amendment deadline. *See, e.g.*, *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 578-79 (D. Del. 2009) (holding both Rule 16(b) and 15(a) were satisfied when motion to amend to add inequitable conduct claim was filed after discovery had already closed because defendant had diligently pursued discovery relating to its claim); *Enzo Life Sciences*, 270 F. Supp. 2d at 489 (allowing leave to amend seven months after the deadline because even though information was available from prosecution history, defendant prudently confirmed factual allegations through discovery); *BigBand Networks, Inc. v. Imagine Commc'ns, Inc.*, 2010 WL 2898286, at *2 (D. Del. July 20, 2010) (allowing leave to amend after amendment deadline because defendant filed its motion within weeks of learning the required information from depositions conducted after the amendment deadline); *Roquette Freres*, 2009 WL 1444835, at *5-6 (allowing leave to amend seven months after deadline because even though public documents were available earlier, it was proper to wait until inventor depositions).

14

██████████████████████████████████████████████████████

Pinterest exercised reasonable diligence and acted in good faith. As detailed above, ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████ Pinterest promptly notified OpenTV of its intent to add its patent licensing and exhaustion claims, provided a redline showing the proposed changes to its answer, and discussed the proposal with OpenTV in the span of two weeks.  On June 22, 2026, OpenTV confirmed its opposition to Pinterest's proposed amendment in writing, and Pinterest filed this motion shortly thereafter. Thus, Pinterest was diligent in gathering the facts that it needed and did not delay filing this motion in bad faith.  OpenTV did not produce the relevant license until months after the deadline to amend pleadings had passed, and Pinterest has moved to ensure that ample time remains in discovery for OpenTV to gather whatever information it needs to combat Pinterest's exhaustion and licensing defenses.

## VI.    CONCLUSION

For the foregoing reasons, Pinterest respectfully requests that the Court grant its motion for leave to file an Amended Answer that includes a new affirmative defense based on patent exhaustion and licensing.

15

███████████████████████████████████████████████

Respectfully Submitted,

*Of Counsel*:

Victoria F. Maroulis
Rachel Herrick Kassabian
Joshua Parzivand
Paula Gonzalez
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
victoriamaroulis@quinnemanuel.com
rachelkassabian@quinnemanuel.com
joshuaparzivand@quinnemanuel.com
paulagonzalez@quinnemanuel.com

James M. Glass
Ron Hagiz
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
jamesglass@quinnemanuel.com

Dated:  July 1, 2026

*/s/ Jared W. Newton*
Jared W. Newton (#7519)
QUINN EMANUEL URQUHART
   & SULLIVAN LLP
500 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 302-4000
jarednewton@quinnemanuel.com

*Attorneys for Defendant Pinterest, Inc.*

16

████████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, copies of the foregoing were served upon

the following in the matter indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>YOUNG CONAWAY STARGATT &TAYLOR LLP<br>Rodney Square<br>1000 North King Street Wilmington, DE 19801<br>agaza@ycst.com<br>rvrana@ycst.com<br><br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Benjamen C. Linden, Esquire<br>Brandon A. Carmack, Esquire<br>Cyrus A. Morton, Esquire<br>Adrian E. Kipp, Esquire<br>Brandon J. Stottler, Esquire<br>Miles A. Finn, Esquire<br>ROBINS KAPLAN, LLP 800 Lasalle Avenue, Suite 2800<br>Minneapolis, Minnesota, 55402<br>twaller@robinskaplan.com<br>blinden@robinskaplan.com<br>bcarmack@robinskaplan.com<br>cmorton@robinskaplan.com<br>akipp@robinskaplan.com<br>bstottler@robinskaplan.com<br>MFinn@RobinsKaplan.com<br><br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jared W. Newton*
Jared W. Newton (#7519)