# Ex. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OPENTV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 24-1301 (JCG) |
| v. | ) | |
| | ) | |
| PINTEREST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT PINTEREST, INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF OPENTV, INC.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and applicable local rules, Defendant Pinterest, Inc. ("Pinterest") requests that Plaintiff OpenTV, Inc. ("OpenTV" or "Plaintiff") respond to the following First Set of Requests for Production of Documents and Things in writing within thirty (30) days from the date of service hereof and produce for inspection and copying the documents and other tangible things described below.

**DEFINITIONS**

The words and phrases used in these Requests for Production shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware. In addition,

1

the following terms shall have the meanings set forth below whenever used in any Request:

1.    The terms "OpenTV," "you," "your," and/or "Plaintiff" refer to plaintiff OpenTV, Inc., and each of its past and present officers, directors, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and OpenTV's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors, and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by OpenTV, and all predecessors and successors in interest to such entities.

2.    The terms "Pinterest," and/or "Defendant," refer to Pinterest Inc.

3.    The term "this action" means the above-referenced action, Civil Action No. 24-1301-(JCG), in the United States District Court for the District of Delaware.

4.    The terms "Patents-in-Suit" or "Asserted Patents" shall mean United States Patent Nos. 10,419,817; 9,699,503; 7,669,212; and 7,055,169.

5.    The term "Accused Products" means the Pinterest products or services specifically identified by name in OpenTV's Amended Complaint, and any other products or services that are specifically and timely identified in OpenTV's infringement contentions.

2

6.    The term "Accused Features" means the features of Pinterest software specifically identified by name in OpenTV's Amended Complaint, and any other features that are specifically and timely identified in OpenTV's infringement contentions.

7.    The term "communication" means every manner or method of the disclosure, transfer, or exchange of information, whether orally, electronically, or by document, and whether face to face or by telephone, mail, facsimile, email, or otherwise.

8.    The term "documents" includes all documents as broadly defined in Rule 34 of the Federal Rules of Civil Procedure, whether printed, recorded, microfilmed, stored electronically or optically, reproduced by any process, written or produced by hand, or recorded in any other way, and whether or not claimed to be privileged or confidential by any person. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document." Any non-identical copy of any document also is to be considered a separate "document." The term "documents" also includes technical documents, including user manuals and guides, installation manuals and guides, reference manuals and guides, data sheets, technical documentation, technical presentations, schematics, specifications, architecture descriptions, release notes, readme files, engineering notebooks, workbooks, diagrams, blueprints, sketches, flow charts,

design requirements, design reviews, bug reports, project plans and papers, test reports, throughput analysis, troubleshooting guides, and bills of materials.

9.    The terms "include" and "including" mean including without limitation and not limited to.

10.    The terms "infringe" and "infringement" mean direct infringement, contributory infringement, infringement by inducement, literal infringement, and infringement by the doctrine of equivalents.

11.    The terms "person" and "persons" include both natural persons and entities (including corporations, proprietorships, partnerships, associations, joint ventures, governmental agencies, and other entities, and any combination thereof, and all predecessors in interest, successors, affiliates, subsidiaries, and related entities).

12.    The term "prior art" means all publications, patents, patent applications, disclosures, events, inventions, physical devices, prototypes, products, uses, sales, offers for sale, advertisements, and other activity existing on, and occurring at, a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102 or 103, or otherwise qualifying as prior art.

13.    The terms "reflect," "reflecting," "relate to," "refer to," and "relating to" mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying,

responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate

14.    The term "related application" means any and all applications related to the applications that matured into the Patents-in-Suit, including all provisional or non-provisional applications, continuations, continuations-in-part, divisionals, interferences, reexaminations, reissues, parents, foreign counterpart applications, or any other applications claiming the benefit of the filing date of any application whose benefit is claimed in the Patents-in-Suit, whether pending, issued, or abandoned.

15.    The term "related patent" means any and all patents based upon or issuing from any related application, including any patents that may have been opposed, reexamined, reissued or subject to any validity or nullity proceeding.

16.    The term "PTO" means the United States Patent and Trademark Office.

17.    The terms "third party" and "third parties" mean any person that is not OpenTV or Pinterest.

18.    The terms "all," "any," and "each" shall each be construed as encompassing any and all.

19.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

20.     The use of the singular form of any word includes the plural and vice versa.

21.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## INSTRUCTIONS

1.      Your responses to these requests shall be in accordance with Federal Rule of Civil Procedure 34, the Local Rules of the United States District Court for the District of Delaware, and the Court's orders in this action.

2.      Your responses to these requests shall include all documents and other tangible things as are within your possession, custody, or control. You are to produce the original and each non-identical copy of each document or other tangible thing requested herein that is in your possession, custody, or control. If any of the requested documents cannot be produced in full, you must produce them to the fullest extent possible, specifying clearly the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the portion not produced.

3.      All documents shall be produced in the order in which they were kept in the usual course of business, or alternatively, all documents shall be produced, organized, and labeled to correspond to the categories in these requests.

6

4.     If any information requested is claimed to be privileged or otherwise immune from discovery, state the grounds for any objection with specificity in accordance with the requirements of Rule 34(b)(2) of the Federal Rules of Civil Procedure.

5.     If you find the meaning of any term in these document requests to be unclear, you should assume a reasonable meaning, state what that assumed meaning is, and respond to the request on the basis of that assumed meaning, subject to Pinterest's right to clarify the meaning in the same or a different manner.

6.     Your obligation to respond to these requests is continuing and your responses are to be supplemented to include later acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to the preparation, prosecution, examination, and/or maintenance of the Patents-in-Suit, including: (a) file histories; (b) correspondence; (c) any invention disclosures, (d) prior art; (e) documents evidencing any decision as to what information to disclose or not disclose to the PTO or any foreign patent office; (f) files of any attorney or patent agent involved in the prosecution of the

Patents-in-Suit; and (g) documents reflecting any communication, meeting, or contact with the PTO or any foreign patent office concerning the Patents-in-Suit, including all office actions and responses thereto.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to the preparation, prosecution, examination, and/or maintenance of related patents, including: (a) file histories; (b) correspondence; (c) any invention disclosures, (d) prior art; (e) documents evidencing any decision as to what information to disclose or not disclose to the PTO or any foreign patent office; (f) files of any attorney or patent agent involved in the prosecution of the related patents; and (g) documents reflecting any communication, meeting, or contact with the PTO or any foreign patent office concerning the related patents, including all office actions and responses thereto.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to the conception, reduction to practice, research, design, development, or testing of the inventions or subject matter claimed in the Patents-in-Suit, including the first written descriptions or disclosures (including drawings or mathematical calculations) and the prototypes of such subject matter.

**REQUEST FOR PRODUCTION NO. 5:**

All documents constituting or relating to any agreement between OpenTV and any of the inventors of the Patents-in-Suit, including any employment agreement,

consulting agreement, confidentiality agreement, assignment, license, or any agreement entered into in connection with this action or any other actual or potential legal action.

**REQUEST FOR PRODUCTION NO. 6:**

All patents or publications reviewed or received by any person involved with the prosecution of the Patents-in-Suit and which were considered in relation to the applications resulting in the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to any disclosure to any person of any of the alleged inventions of the Patents-in-Suit prior to the earliest date to which each patent claims priority, including any disclosure covered by a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to any formal, informal, written, or oral studies, analyses, opinions, investigations, or reports directed to the scope of patentability, validity, enforceability, or infringement concerning the subject matters claimed in the Patents-in-Suit, including evaluations, searches, or search results of domestic or foreign patents, literature, or other published materials relating in any manner to the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to any formal, informal, written, or oral studies, analyses, opinions, investigations, or reports directed to the scope of patentability, validity, enforceability, or infringement concerning the subject matters claimed in related patents, including evaluations, searches, or search results of domestic or foreign patents, literature, or other published materials relating in any manner to related patents.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to the manners or techniques by which any alleged inventions claimed in the Patents-in-Suit allegedly improved upon or otherwise differed from the prior art.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to the level of knowledge, schooling, experience, expertise, or relevant technical information of a person having ordinary skill in the art (as this phrase is used in 35 U.S.C. § 103) to which any inventions claimed in the Patents-in-Suit pertain.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning sales, licensing, sales forecasts, budgets, expenses, costs, and profitability of any products, services, or methods developed, offered,

10

marketed or sold by you or any of your predecessors in interest that embody any claim of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning the labeling and marking with patent information of any products, services, systems, or methods sold, marketed, or commercialized by you or any of your predecessors in interest, to the extent you contend that those products, services, systems, or methods embody any claim of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to any legal proceeding concerning the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to any legal proceeding concerning related patents or related applications.

**REQUEST FOR PRODUCTION NO. 16:**

All documents constituting or reflecting any prior art relevant to related patents or related applications and documents related to OpenTV's knowledge of prior art or potential prior art relating to related patents or related applications.

**REQUEST FOR PRODUCTION NO. 17:**

All documents supporting, refuting, or otherwise relating to OpenTV's assertion in any legal proceeding that a related patent was infringed.

**REQUEST FOR PRODUCTION NO. 18:**

All documents constituting or relating to any communication regarding the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning communications between you and Pinterest regarding the Patents-in-Suit prior to initiation of this action.

**REQUEST FOR PRODUCTION NO. 20:**

All documents reflecting or relating to OpenTV's first knowledge or awareness that Pinterest was researching, developing, or using products that OpenTV contends incorporate, embody, or practice any claims of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show the revenues, expenses, or profits of OpenTV from the sale, lease, or licensing of any products or services that are based upon, include, or utilize products designed to incorporate, embody, or practice any claims of the Patents-in-Suit, including documents presented to management, directors, and actual or potential investors.

**REQUEST FOR PRODUCTION NO. 22:**

All documents relating to any actual or potential competition between OpenTV and Pinterest or between any OpenTV product or service and any Pinterest product or service.

**REQUEST FOR PRODUCTION NO. 23:**

All documents constituting or relating to any licenses to any rights under the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 24:**

All documents constituting or relating to any licenses to any rights under any related patent or related application.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to any efforts, whether or not successful, to license any rights under the Patents-in-Suit, the subject matter claimed in the Patents-in-Suit, or any intellectual property portfolio including the Patents-in-Suit, including all documents related to any licensing proposals, offers, negotiations, notice letters, claim charts, claim construction, infringement, draft and final license agreements, exhibits, demand letters, and cease and desist letters.

**REQUEST FOR PRODUCTION NO. 26:**

All documents relating to any efforts, whether or not successful, to license any rights under any related patent or related application, the subject matter claimed in

13

any related patent or related application, or any intellectual property portfolio including any related patent or related application, including all documents related to any licensing proposals, offers, negotiations, notice letters, claim charts, claim construction, infringement, draft and final license agreements, exhibits, demand letters, and cease and desist letters.

**REQUEST FOR PRODUCTION NO. 27:**

All documents or other evidence referenced in OpenTV's Amended Complaint in support of OpenTV's claims against Pinterest for patent infringement or on which you relied in preparing those claims.

**REQUEST FOR PRODUCTION NO. 28:**

All documents or other evidence to which you refer in your responses to Pinterest's interrogatories in this action, or on which you relied in preparing those responses.

**REQUEST FOR PRODUCTION NO. 29:**

All documents supporting, refuting, or otherwise relating to OpenTV's assertion that Pinterest infringes any of the claims of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 30:**

All documents supporting, refuting, or otherwise relating to OpenTV's assertion that the claims of the Patents-in-Suit are not invalid.

**REQUEST FOR PRODUCTION NO. 31:**

All documents received by you from any third party, that were requested as part of this action, that relate to this action, and/or that are responsive to any outstanding request for production served on you as part of this action, including any documents received pursuant to a subpoena or freedom of information act request.

**REQUEST FOR PRODUCTION NO. 32:**

All documents furnished or shown to any third-party fact witness contacted, interviewed, or consulted by you or your agents or attorneys in connection with the Patents-in-Suit or this action.

**REQUEST FOR PRODUCTION NO. 33:**

All patent, technology, or intellectual property license agreements that you contend are reasonably comparable (in technological subject matter, license terms, or otherwise) to a license that would have resulted from a hypothetical negotiation between OpenTV and Pinterest related to the Patents-in-Suit and all documents relating to such agreements.

**REQUEST FOR PRODUCTION NO. 34:**

All documents constituting or reflecting any prior art relevant to the Patents-in-Suit or documents related to OpenTV's knowledge of prior art or potential prior art relating to the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 35:**

All documents for which any officer, inventor, co-inventor, director, employee or representative of OpenTV is listed as an author, co-author, inventor, co-inventor, editor, or contributor, and which relate in any way to the subject matter claimed in the Patents-in-Suit, including articles, patents, patent applications, abstracts, publications, books, manuscripts, papers, posters, speeches, technical disclosures, technical publications, and presentations.

**REQUEST FOR PRODUCTION NO. 36:**

All documents relating to the design, development, testing, function, and operation of products that are based upon, include, or utilize products designed to incorporate, embody, or practice any claims of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 37:**

All U.S. and foreign patents, printed publications, systems, products, or physical devices, provided to, received from, or identified to or by prosecution counsel for or during the preparation and prosecution of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 38:**

All documents that reflect, refer to, or relate to any of the purported secondary considerations of non-obviousness of the Patents-in-Suit on which OpenTV relies, including commercial success, long-felt need, attempts by others, failure of others,

16

commercial acquiescence, licensing, professional approval, copying, or laudatory statements by others regarding the inventions claimed in the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 39:**

All documents concerning or relating to each of the legal and factual allegations and requests for relief in OpenTV's Amended Complaint, as well as in any subsequently added or supplemental pleading in this action.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to identify your current shareholders, officers, and directors.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to establish your policies, practices, and/or procedures now or previously in effect with respect to the retention or destruction of documents, including electronically stored information, to the extent those documents have been sought by any of Pinterest's document requests in this matter.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and things on which OpenTV intends to rely or use at any hearing or at trial in this case.

**REQUEST FOR PRODUCTION NO. 43:**

Technical Documents referring and/or relating to any alleged invention or product that you allege practices any of the Patents-in-Suit, including, but not limited

to, block diagrams, schematics, technical reference manuals, data books, data sheets, development documents, presentations, training materials, use logs, change logs, and/or any other documents related to the alleged inventions' hardware and software design, development, integration, manufacturability, and/or usability.

**REQUEST FOR PRODUCTION NO. 44:**

Assembly instructions, installation instructions, operator manuals, maintenance manuals, user manuals, data sheets, instructions for use, and/or any other instructions referring or relating to any alleged invention or product that you allege practices any of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 45:**

Documents referring and/or relating to the design, development, and/or implementation of any alleged invention or product that you allege practices any of the Patents-in-Suit, including, but not limited to, product requirements, specification sheets, design documents, block diagrams, flow charts, outlines, lab notebooks, summaries, presentations, and/or meeting minutes.

**REQUEST FOR PRODUCTION NO. 46:**

All documents supporting, refuting, or otherwise relating to OpenTV's request for an award of costs and/or attorney's fees in this litigation.

**REQUEST FOR PRODUCTION NO. 47:**

All documents that directly or indirectly ascribe a value to the Patents-in-Suit, including offers to purchase or sell the Patents-in-Suit, analyses or reports regarding the Patents-in-Suit, settlement or license agreements regarding the Patents-in-Suit, and tax returns, SEC filings, or other financial statements regarding the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 48:**

All documents that directly or indirectly ascribe a value to any related patents, including offers to purchase or sell related patents, analyses or reports regarding related patents, settlement or license agreements regarding related patents, and tax returns, SEC filings, or other financial statements regarding related patents.

**REQUEST FOR PRODUCTION NO. 49:**

Documents referring and/or relating to information that You contend should affect the calculation of damages for the alleged infringement of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 50:**

All documents, communications, and things that support, refute, or relate to Your contention regarding any damages OpenTV alleges to have suffered from the alleged infringement of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 51:**

Documents referring and/or relating to Your valuation of the Patents-in-Suit, including any valuation performed by You or on Your behalf.

**REQUEST FOR PRODUCTION NO. 52:**

Documents referring and/or relating to Your methodologies for valuing intellectual property rights.

**REQUEST FOR PRODUCTION NO. 53:**

All documents relating to any consideration, analysis, discussion, declaration, or determination by any standard setting organization or entity that any aspect of any of the Patents-in-Suit is, may be, or is not standard essential.

**REQUEST FOR PRODUCTION NO. 54:**

All correspondence between Plaintiffs and any third party regarding any attempt to license the Patents-in-Suit, including any correspondence where a claim was made that the '169 patent or any of the Patents-in-Suit was or was not standard essential.

**REQUEST FOR PRODUCTION NO. 55:**

All documents related to conferences, trade shows, and/or standard setting organizations/bodies and/or meetings attended by Plaintiffs or any of the named inventors of the Patents-in-Suit which relate to the alleged inventions.

**REQUEST FOR PRODUCTION NO. 56:**

Any document supporting, refuting, or relating to Your contention, or any internal consideration or analysis, that the '169 patent or any of the Patents-in-Suit is, may be, or is not a standard essential patent or is otherwise subject to any limitation on the terms by which it may be licensed, including any requirement that it be licensed on reasonable and/or non-discriminatory terms, including to the extent You contend a patent is subject to being licensed on what are known as FRAND or RAND terms.

**REQUEST FOR PRODUCTION NO. 57:**

All documents or communications, both internal and external, referencing the contributions or participation of Plaintiffs, Plaintiffs' affiliates, or the named inventors in any standard setting organization, including, but not limited to, any standard setting organizations regarding the MPEG-DASH and HLS protocols, including any analyses, drafts, or discussions regarding actual or potential declarations or statements made by Plaintiffs, Plaintiffs' affiliates, or the named inventors to any standard setting organization regarding the '169 patent or any of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 58:**

All documents that support, refute, or relate to any contention by Plaintiffs that any of the Accused Products or Accused Features infringe any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

OF COUNSEL:

Matthias Kamber
PAUL HASTINGS LLP
101 California Street, 48th
Floor
San Francisco, CA 94111
(415) 856-7050

David Tennant
Jacob Rothenberg
Charles Ziscovici
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
(202) 551-1700

Grace Wang
200 Park Avenue
PAUL HASTINGS LLP
New York, NY  10166
(212) 318-6000

Robert W. Unikel
PAUL HASTINGS LLP
71 S. Wacker Drive, Suite
4500
Chicago, IL  60606
(312) 499-6000

Joshua Yin
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
(650) 320-1800

October 7, 2025

_____
Karen Jacobs (#2881)
E. Paul Steingraber (#7459)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
esteingraber@morrsinichols.com

*Attorneys for Defendant Pinterest, Inc.*

23

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2025, copies of the foregoing were

caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>YOUNG CONAWAY STARGATT &<br>TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Benjamen C. Linden, Esquire<br>Brandon A. Carmack, Esquire<br>Cyrus A. Morton, Esquire<br>ROBINS KAPLAN, LLP<br>800 Lasalle Avenue, Suite 2800<br>Minneapolis, Minnesota, 55402<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Travis K. Waller, Esquire<br>ROBINS KAPLAN LLP<br>1325 Avenue of the Americas<br>Suite 2601<br>New York, NY 10019<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

_____
Karen Jacobs (#2881)

1